STATE OF WEST VIRGINIA

FILED
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICKY ESTEPP,**
**Claimant Below, Petitioner**

**vs.)  No. 13-0247** (BOR Appeal No. 2047816)
(Claim No. 2011023992)

**ARCH COAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ricky Estepp, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Arch Coal, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 20, 2013, in which the Board affirmed an October 5, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 12, 2011, decision granting Mr. Estepp no permanent partial disability award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Estepp worked as an underground coal miner for Arch Coal, Inc. On November 9, 2010, Mr. Estepp filed an application for workers' compensation benefits related to his exposure to the hazards of inhaling minute particles of coal dust throughout his employment history. His claim was submitted to the Occupational Pneumoconiosis Board, which took x-rays of Mr. Estepp's chest and compared them to x-rays taken on November 19, 1998, related to a prior workers' compensation application. The Board determined that there was insufficient evidence of pleural or parenchymal abnormality to establish a diagnosis of occupational pneumoconiosis.

1

On July 12, 2011, the claims administrator granted Mr. Estepp no permanent partial disability award. The Occupational Pneumoconiosis Board then testified in a hearing before the Office of Judges and repeated its finding that the evidence did not establish a diagnosis of occupational pneumoconiosis. The Board also testified that the diffusion studies in the record could not be used to determine Mr. Estepp's pulmonary impairment because his high carboxy hemoglobin levels during these studies were indicative of cigarette smoking and prevented an accurate measurement of his diffusion capacity. In the hearing, the Board was asked to consider a May 11, 1994, settlement decision from the State of Kentucky, in which Mr. Estepp was granted an award related to coal miner's pneumoconiosis. The Board, however, determined that there was no evidence of Mr. Estepp's pulmonary impairment attached to the settlement decision. On October 5, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on February 20, 2013, leading Mr. Estepp to appeal.

The Office of Judges concluded that the record was insufficient to support a diagnosis of occupational pneumoconiosis and that there was no evidence of impairment attributable to occupational pneumoconiosis. The Office of Judges further concluded that the Occupational Pneumoconiosis Board's decision was not clearly wrong and Mr. Estepp was, therefore, not entitled to a permanent partial disability award related to occupational pneumoconiosis. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Estepp has not demonstrated that he has occupational pneumoconiosis or that he is entitled to any permanent partial disability award. In *Fenton Art Glass Co. v. West Virginia Office of Insurance Commissioner*, this Court held that the Occupational Pneumoconiosis Board was to be afforded "considerable deference on medical matters related to the diagnosis and, if any, impairment related to occupational pneumoconiosis." 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008). There is nothing in the record indicating that the Occupational Pneumoconiosis Board should not be afforded deference in this case. The Occupational Pneumoconiosis Board has consistently found that there is insufficient evidence of pleural or parenchymal changes to establish a diagnosis of pneumoconiosis. The Occupational Pneumoconiosis Board has also consistently found that there is no evidence of Mr. Estepp's pulmonary impairment related to occupational pneumoconiosis. The only evidence in the record supporting Mr. Estepp's position is the May 11, 1994, settlement decision from the State of Kentucky, but this is insufficient to justify a permanent partial disability award, especially in light of the Occupational Pneumoconiosis Board's consistent opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II